753 P.2d 1215

**MOBILE DISCOUNT CORPORATION, an Arizona corporation, Plaintiff/Appellant,**

v.

**Richard HARGUS and Toni Hargus, his wife, Defendants/Appellees.**

No. 2 CA–CV 88–0080.

Court of Appeals of Arizona, Division 2, Department A.

April 21, 1988.

**560**

Steven L. Wasserman, P.C. by Steven L. Wasserman, Phoenix, for plaintiff/appellant.

Ronald C. Ramsey, P.C. by Ronald C. Ramsey, Cottonwood, for defendants/appellees.

## OPINION

HOWARD, Presiding Judge.

The plaintiff obtained a judgment against defendants for $2,231.74 on February 26, 1976. An affidavit of renewal of that judgment was filed on January 29, 1981, and recorded on February 5. Both of these dates are within 90 days prior to the expiration of five years from the date of entry of the original judgment.

A second affidavit of renewal was filed on February 14, 1986. It was recorded on February 21, 16 days past the expiration of five years from the filing and recordation of the first affidavit of renewal.

In late 1986, the defendants demanded that plaintiff declare the judgment satisfied or unenforceable for the reason that the second renewal was untimely. When plaintiff refused, a motion was filed to set aside the second renewal and have the judgment declared void. This motion was granted by the trial court and this appeal followed.

A.R.S. § 12–1612 governs the renewal of civil judgments by affidavit. A.R.S. § 12–1612(B) states:

> "The judgment creditor, his personal representative or assignee may within ninety days preceding the expiration of five years from the date of entry of such judgment, make and file an affidavit, known as a renewal affidavit...."

A.R.S. § 12–1612(E) governs additional and successive renewals of the judgment. It states:

> "Additional and successive affidavits as provided for in subsection B may be made and filed within ninety days of expiration of five years from the date of the filing of a prior renewal affidavit."

The plaintiff contends that the language of A.R.S. § 12–1612(E) allows it to file a renewal affidavit within 90 days *after* the expiration of five years from the filing of a prior renewal affidavit. We do not agree. The language of the statute is plain and unambiguous. The phrase "within ninety days of expiration" means within 90 days *before* expiration and not 90 days after expiration. A.R.S. § 12–1612 allows successive five-year renewals of a judgment but requires, after the first renewal, that successive renewals be done prior to the expiration of five years from the date of the filing of a prior renewal affidavit.

Affirmed.

LACAGNINA, C.J., and HATHAWAY, J., concur.